### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **SE PROPERTY HOLDINGS, LLC,** )<br>)<br>**Plaintiff/** )<br>**Counterclaim Defendant,** )<br>)<br>v. )<br>)<br>**DAVID L. HARRELL,** *et al.*, )<br>)<br>**Defendants/** )<br>**Counterclaim Plaintiffs.** ) | **CIVIL ACTION NO. 1:22-cv-123-TFM-B** |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is the *Motion to Dismiss Restated Counterclaim From Second Amended Answer and Brief in Support*. Doc. 92, filed June 5, 2024. Plaintiff SE Property Holdings, LLC, requests the Court, pursuant to Fed. R. Civ. P. 12(b)(6), dismiss Defendants Carolyn Harrell and Southern Land Broker, LLC's, abuse of process counterclaim because the underlying Charging Order is neither overly broad as a matter of law and, even if it is found to be overly broad, SE Property Holdings, LLC, is not attempting to enforce the Charging Order beyond what Alabama law allows. *Id.* Having considered the motion, response, reply, and relevant law, the Court finds the motion to dismiss (Doc. 92) is due to be **GRANTED**.

#### I.    JURISDICTION AND VENUE

The Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332 (diversity).

The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both. The district court has personal jurisdiction over the claims in this action because the events that gave rise to this action are alleged to have occurred within this judicial district. *See*

*Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291-92 (11th Cir. 2000) ("Specific jurisdiction arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint. . . . General personal jurisdiction, on the other hand, arises from a defendant's contacts with the forum that are unrelated to the cause of action being litigated. The due process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction, and require a showing of continuous and systematic general business contacts between the defendant and the forum state.").

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions that gave rise to this litigation occurred in this judicial district.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

**A.     Factual Background**

The full factual background in this matter was detailed in the Court's December 13, 2022 Memorandum Opinion and Order. Doc. 17. The Court will abbreviate the factual background in this Memorandum Opinion and Order to the factual allegations that are relevant to the instant motion to dismiss restated counterclaim.

On October 11, 2010, Vision Bank, SE Property Holdings, LLC's ("SEPH"), predecessor in interest, filed a lawsuit against Water's Edge, LLC ("Water's Edge"), Defendant David Harrell ("David Harrell"), and approximately thirty-six (36) other individual investors (the "Guarantors") in the Circuit Court of Baldwin County, in a matter that was initially styled *Vision Bank v. Water's Edge, LLC, et al.*, 05-CV-2010-901862 (the "Water's Edge Litigation"). Doc. 16-1 at 3. Following the merger of Vision Bank and SEPH, SEPH was substituted as the plaintiff in the Water's Edge Litigation. *Id.*

On December 17, 2014, the Baldwin County Circuit Court entered a judgment in favor of

SEPH and against David Harrell in the amount of $9,084,076.14 on the First Water's Edge Loan and in the amount of $84,392.00 on the Second Water's Edge Loan. *Id.* at 3, 29-35. On February 24, 2015, pursuant to section 10A-5A-5.03 of the Alabama Code, a Charging Order was entered by the Circuit Court of Baldwin County, Alabama against David Harrell's financial interest in various limited liability companies in which he had an interest, including Southern Land Broker, LLC ("SLB"). *Id.* at 3-4, 36-37. The Charging Order provides in part:

> ORDERED that a lien is charged against the financial interests of David L. Harrell in the Companies in the amount of $9,084,076.14 and $84,392.00, being the unsatisfied judgment of December 17, 2014, plus accrued interest on the judgment and that said Companies [(SLB, Crystal Waters, LLC; Lowmar Properties, LLC; and Harrell Development, LLC)] are ORDERED to distribute to the Clerk of Court any income, officer's fees, bonuses, distributions, salaries or dividends paid or otherwise conveyed to Defendant by reason of any interest they own in the Limited Liability Companies until Plaintiff's judgment is satisfied in full.

*Id.* at 36.

David Harrell had notice of the Charging Order because: (1) it was served on David Harrell's counsel; (2) David Harrell filed a motion to amend the Charging Order; (3) counsel for SEPH served copies of the Charging Order to David Harrell; and (4) on April 6, 2015, the Charging Order was recorded in the Records of the Office of the Probate Court of Lowndes County, Alabama. Doc. 1 at 4-5; Doc. 1-2.

SLB is a limited liability company that was formed in Alabama on December 2, 2008. Doc. 1 at 5. At all times, its members have been David Harrell and his wife, Carolyn Harrell, both residents of Lowndes County, Alabama. *Id.* at 1, 5. As reflected in SLB's Operating Agreement, each of the Harrells own a 50% membership interest in SLB. *See* Doc. 1-4 at 1. SLB's Operating Agreement states "each member shall have a share of the principal and income and profits" in proportion to their membership interest. *Id.* David Harrell is the sole managing member of SLB and is responsible for the daily operations of SLB. *Id.* at 3. SLB is a real-estate company with its

principal place of business in Hayneville, Alabama. Doc. 1 at 5.

Since SLB's formation, David Harrell has been a licensed real-estate broker in the State of Alabama. *Id.* Carolyn Harrell has never held any license that may be issued by the Alabama Real Estate Commission and has been employed by the Hayneville Holding Company, Inc., a local telephone company in Lowndes County, Alabama. *Id.* at 6.

SLB maintains an operating account at BancorpSouth Bank, ending in account number #2125. *Id.* Since the entry of the Charging Order, SLB has made substantial distributions to both of the Harrells. However, other than one distribution that was directly made to David Harrell on the day when the Charging Order was entered, SLB has made all of its distributions to David Harrell in the name of Carolyn Harrell. *Id.* Each check that was involved in the distributions was drawn against BancorpSouth in Hayneville, Alabama and deposited in an account that was maintained by Carolyn Harrell at BancorpSouth Bank in Hayneville, Alabama. Doc. 11-1 ¶ 7. Between the date of the entry of the Charging Order and November 21, 2021, no less than approximately $993,052.00 has been drawn from the SLB account in the name of Carolyn Harrell and deposited into her sole account. Doc. 1 at 6.

**B.    Procedural Background**

SEPH originally filed its Complaint in this matter on March 22, 2022. Doc. 1. SEPH brings against Carolyn Harrell, David Harrell, and SLB (collectively, "Defendants") a single claim for violation of sections 8-9A-4(a), 4(c), and 5 of the Alabama Uniform Fraudulent Transfer Act (the "AUFTA"), ALA. CODE § 8-9A-1 *et seq*. *Id.* The Court issued summonses on March 28, 2022. Doc. 5. On May 23, 2022, Carolyn Harrell and SLB (collectively, "Counterclaimants") filed a motion in which they requested the Court extend by thirty (30) days the time for them to file a responsive pleading, which was granted. Docs. 8, 9.

On May 26, 2022, Defendants filed a motion to transfer venue and brief in support for which the Court entered a briefing schedule.  Docs. 10, 11, 12.  On December 13, 2022, the Court denied the motion to transfer venue then ordered Defendants to file their responsive pleading to the complaint within fourteen (14) days of the Court's denial order.  Docs. 17, 18.  The Court then granted Defendants' unopposed motion for extension of time to file their responsive pleading, and Defendants timely filed their answer to the complaint, which included a jury demand and asserted a state-law counterclaim against SEPH for abuse of process.  Doc. 21.

On January 30, 2023, SEPH filed a motion to dismiss counterclaim for which the Court entered a briefing schedule.  Docs. 23, 24.  The Court granted the motion to dismiss counterclaim and then entered a memorandum opinion and order to detail its rationale for the decision.  Docs. 45, 48.  The Court explained it dismissed without prejudice Defendants' counterclaim because the Court found it to be a shotgun pleading and granted Defendants leave to refile their counterclaim.  Doc. 48.

On September 29, 2023, David Harrell filed a suggestion of bankruptcy, which invoked the automatic stay protections of 11 U.S.C. § 362.  Doc. 43.  As of the date of this Memorandum Opinion and Order, David Harrell's bankruptcy proceeding has not resolved.  Therefore, this matter is stayed pursuant to the automatic stay and David Harrell is not a party to the counterclaim at issue, which is filed solely by Counterclaimants and does not affect David Harrell.

On October 13, 2023, Counterclaimants filed an amended answer to the complaint, which included their affirmative defenses and restated an abuse of process counterclaim.  Doc. 49.  On October 27, 2023, SEPH filed a motion to dismiss the restated abuse of process counterclaim, for which the Court entered a briefing schedule, and the parties timely filed their respective response and reply.  Docs. 52, 53, 56, 57.

On December 15, 2023, SEPH filed a motion for partial summary judgment and brief in support, for which the Court entered a briefing schedule, and the parties timely filed their respective response and reply. Docs. 58, 59, 61, 66, 67, 69.

On January 3, 2024, Counterclaimants filed a motion for leave to amend to assert an additional affirmative defense based on an applicable statute of limitations, Ala. Code § 8-9A-9, which the Court granted, and they filed their second amended answer on May 15, 2024. Docs. 62, 85, 87.

On June 5, 2024, SEPH filed the instant motion to dismiss the restated counterclaim that is found in Counterclaimants' second amended answer, for which the Court entered a briefing schedule, and the parties timely filed their respective response and reply. Docs. 92, 97, 98. The motion to dismiss the restated counterclaim is ripe for review, and the Court finds oral argument unnecessary.

### III.   STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint on the basis that the plaintiff has failed to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [*Twombly*, 550 U.S.] at 570, 127 S. Ct. [at] 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556, 127 S. Ct. [at] 1955."). Since a Fed. R. Civ. P. 12(b)(6) motion questions the legal sufficiency of a complaint, in assessing the merits of

the motion, the court must assume that all the factual allegations set forth in the complaint are true. *See, e.g., Gaubert*, 499 U.S. at 327; *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990); *but see also Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, all factual allegations shall be construed in the light most favorable to the plaintiff. *See, e.g., Brower v. County of Inyo*, 489 U.S. 593, 598 (1989). Obviously, therefore, a district court may not resolve factual disputes when adjudicating a motion to dismiss. *Page v. Postmaster Gen. and Chief Exec. Officer of the U.S. Postal Serv.*, 493 F. App'x 994, 995 (11th Cir. 2012) (citing, among other cases, *Lawrence,* 919 F.2d at 1529, for the proposition that, under Fed. R. Civ. P. 12(b)(6), the existence of disputed material facts precludes a district court from granting a motion to dismiss). "'When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto.'" *Thaeter v. Palm Beach Cnty. Sheriff's Office,* 449 F.3d 1342, 1352 (11th Cir. 2006) (quoting *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)); *see also Reese v. Ellis, Painter, Ratterree & Adams, LLP,* 678 F.3d 1211, 1215-16 (11th Cir. 2012) ("Because the Ellis law firm's dunning letter and enclosed documents were attached to the Reeses' complaint as an exhibit, we treat them as part of the complaint for [Fed. R. Civ. P.] 12(b)(6) purposes.").

## IV.   DISCUSSION AND ANALYSIS

SEPH argues Counterclaimants allege SEPH wrongfully or maliciously brought this action against them with the purpose to circumvent Alabama collections laws. Doc. 92 at 9. SEPH states Counterclaimants' argument to support their abuse of process claim is SEPH obtained an unlawful Charging Order to access fund transfers to Carolyn Harrell. *Id.* SEPH argues Counterclaimants'

argument that the Charging Order is unlawful is a legal conclusion that the Court is not obliged to accept and, even if the Court accepted said allegation as true, SEPH's complaint in this matter is couched so that it does not seek to enforce the Charging Order beyond what Alabama law allows. *Id*. at 10-11.

In response, Counterclaimants adopt their arguments that are found in their response to the motion for partial summary judgment. Doc. 97 at 2. Counterclaimants also argue the allegations that support their abuse of process claim should be considered true and construed in a light most favorable to them and said allegations properly state an abuse of process claim. *Id*. Counterclaimants argue the Charging Order that is at issue in this matter did not create a lien against David Harrell's financial interest in SLB because it was not properly served on SLB. *Id.* Finally, Counterclaimants argue the counterclaim is not a collateral attack on the Charging Order and do not seek to have that order declared unlawful. *Id.* at 2-3.

To begin, Counterclaimants' argument that SLB was not property served the Charging Order is irrelevant as to whether they properly state an abuse of process claim in this matter. Additionally, the Court finds it hard to reconcile how Counterclaimants argue they do not seek to have the Charging Order declared unlawful while also arguing SEPH drafted the Charging Order that was entered by the state circuit court and included unlawful language. However, the Court will take Counterclaimants at their word that they do not seek to have the Charging Order declared unlawful.[1] Finally, while Counterclaimants adopt their arguments from their response to the motion for partial summary judgment, many of those arguments are found in their response to the instant motion, and the Court finds this matter can be resolved based on the pleadings and pursuant

---

[1] To the extent Counterclaimants would seek to have this Court declare the Charging Order unlawful, such clearly would be barred by the *Rooker-Feldman* doctrine as argued in the instant motion to dismiss restated counterclaim.

Page 8 of 13

to Fed. R. Civ. P. 12.

Under Alabama law, to establish a claim for abuse of process, a claimant must prove three factors: (1) the existence of an ulterior purposes, (2) a wrongful use of process, and (3) malice. *M&F Bank v. First Am. Title Ins. Co.*, 144 So. 3d 222, 233 (Ala. 2013) (quoting *C.C.& J., Inc. v. Hagood*, 711 So. 2d 947, 950 (Ala. 1998)); *see also Smith v. Nationwide Mut. Ins. Co.*, 799 F. App'x 768, 771 (11th Cir. 2020)[2] (citing *Triple J Cattle, Inc. v. Chambers*, 621 So. 2d 1221, 1225 (Ala. 1993)). The Alabama Supreme Court has held that to be an abuse of process, not only must the defendant wrongfully use a judicial process, but the wrongful use must also occur after the process was initiated. *C.C. & J*, 711 So. 2d at 9z50. The mere continued pursuit of a wrongfully initiated claim does not count as an "act in furtherance" of the improper motive nor does "carry[ing] out the process to its authorized conclusion, even though with bad intentions." *Id*. (quotation marks omitted). Put differently, "[t]he ulterior motive must culminate in an actual abuse of the process by *perverting it to a use to obtain a result which the process was not intended by law to effect*." *Willis v. Parker*, 814 So. 2d 857, 865 (Ala. 2001) (internal modification and quotation omitted, emphasis in original). Therefore, "some act in furtherance of the improper motive subsequent to the issuance of the process" must be committed. *C.C. & J*, 711 So. 2d at 951 (quoting 27 A.L.R. 3d 1202, 1207 (1969)).

> "When attempting to determine whether a plaintiff has proven malice in an **abuse of process** case, the focus is 'not [on whether the defendant holds] ill will [against the plaintiff], or [is acting out of] spite, but rather, [whether] the [defendant] employed the process . . . for an end not germane thereto, for achievement of a benefit totally extraneous to or of a result not within its legitimate scope." *Shoney's, Inc. v. Barnett*, 773 So. 2d 1015, 1025 (Ala. Civ. App. 1999) (quoting Stuart M. Speiser, et al., *The American Law of Torts*, § 28:34, at 218 (1991)). A

---

[2] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (effective Dec. 1, 2014); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

defendant cannot be held liable for **abuse of process** unless he or she "somehow acted outside the boundaries of legitimate procedure after [the initiation of the proceeding]." *Id.* at 951.

*Vakili v. First Com. Bank*, Civ. Act. No. 2:08-CV-276-VEH, 2009 U.S. Dist. LEXIS 153500, at *66, 2009 WL 10670148, at *23 (N.D. Ala. Aug. 13, 2009) (emphasis in original).

Counterclaimants allege SEPH caused the Charging Order to be entered in the Circuit Court of Baldwin County, Alabama as well as the Probate Court of Lowndes County, Alabama, the Charging Order is "overly broad, vague, ambiguous, and improper" because it directed SLB to distribute to the Circuit Court Clerk of Baldwin County, Alabama any "income, officer fees, bonuses, distributions, salaries, or dividends paid or otherwise conveyed" to David Harrell based on his ownership interest in SLB, SEPH knew Alabama law provides judgment creditors with alternative remedies to reach the financial interests described in the Charging Order, and SEPH knew the Charging Order attaches only to distributions payable to the judgment debtor because of a transferrable interest in a limited liability company. Doc. 87 at 8-10.

The Charging Order at issue in this matter reads:

> ORDERED that a lien is charged against the financial interests of David L. Harrell in the Companies in the amount of $9,084,076.14 and $84,392.00, being the unsatisfied judgment of December 17, 2014, plus accrued interest on the judgment and that said Companies [(SLB, Crystal Waters, LLC; Lowmar Properties, LLC; and Harrell Development, LLC)] are ORDERED to distribute to the Clerk of Court any income, officer's fees, bonuses, distributions, salaries or dividends paid or otherwise conveyed to Defendant by reason of any interest they own in the Limited Liability Companies until Plaintiff's judgment is satisfied in full.

*Id.* at 36.

In the complaint, SEPH alleges:

> SLB LLC, at the direction of its managing member David Harrell and the assistance of Carolyn Harrell, made the transfers of David Harrell's liened funds into Carolyn Harrell's bank account, as described herein above, with the actual intent to hinder, delay and defraud David Harrell['s] creditors, including SEPH, within the meaning of [the AUFTA].

Doc. 1 at 7.  As a result of the alleged fraud, SEPH requests the following relief:

> [T]he Court enter a judgment against (i) Defendants David Harrell, Carolyn Harrell, and SLB LLC, jointly and severally for the value of property fraudulently conveyed to Carolyn Harrell; (ii) Defendants David Harrell, Carolyn Harrell, and SLB LLC for compensatory and punitive damages in an amount to be determined by the Court; (iii) Defendants David Harrell, Carolyn Harrell, and SLB LLC, enjoining them against further disposition of any property for less than reasonably equivalent value or further disposition of any real or person property out of the ordinary course of business; (iv) allowing SEPH to withdraw, garnish, or otherwise lien any proceeds of such fraudulent transfer from accounts held in the name of Carolyn Harrell and apply them to partially satisfy SEPH's judgment against David Harrell; (v) David Harrell, Carolyn Harrell, and SLB LLC, ordering attachment and levy of execution on the interest of the Defendant David Harrell in each fraudulently conveyed item of personal property to satisfy the judgment of SE Property Holdings, LLC; and (vii) David Harrell, Carolyn Harrell, and SLB LLC, for such other, further and different remedies as it may be entitled to receive under Sections 8-9A-7, Ala. Code (1975), or such other statutes and common laws as may apply, including costs, expenses, and attorneys' fees.

Doc. 1 at 8-9.

Here, Counterclaimants fail to allege either an ulterior purpose or malice to properly state their abuse of process claim.

As to an ulterior purpose, in both the Charging Order and the instant action, SEPH seeks to recover the distributions to David Harrell based on his ownership interest in SLB.  The Charging Order merely created a lien against David Harrell's interest in said distributions and the instant action asserts a claim for fraudulent transfer of distributions to which SEPH alleges David Harrell was entitled.  Counterclaimants do not allege SEPH seeks something beyond what they sought, and were granted, through the Charging Order and its related action.

Much of the Court's reasoning as to why Counterclaimants have failed to allege an ulterior purpose also supports why they have failed to allege malice.  Counterclaimants fail to allege SEPH seeks a benefit extraneous to what they received from the Charging Order.

Therefore, Counterclaimants' restated abuse of process claim fails.

## V. CONCLUSION

Accordingly, the Motion to Dismiss Restated Counterclaim From Second Amended Answer and Brief in Support (Doc. 92) is **GRANTED**, and the abuse of process counterclaim that is plead in Carolyn Harrell and Southern Land Brokers, LLC's, Second Amended Answer, Affirmative Defenses, and Restated Counterclaim (Doc. 87) is **DISMISSED with prejudice**.

In the Court's May 20, 2024 Order, it denied without prejudice, with leave to either reinstate or refile SE Property Holdings, LLC's Motion to Dismiss Restated Counterclaim and Brief in Support (Doc. 52), Plaintiff's Motion for Partial Summary Judgment (Doc. 58), and Plaintiff's Motion to Strike Evidentiary Materials and Argument from Defendants' Response to Plaintiff's Motion for Partial Summary Judgment, and Brief in Support (Doc. 70). At the pretrial conference in this matter, the Court will discuss with the parties whether they intend to reinstate any of their motions.

Finally, SEPH did not request this matter be tried before a jury. However, Carolyn Harrell and South Land Brokers, LLC, made a jury trial demand for their abuse of process counterclaim in their Second Amended Answer, Affirmative Defenses, and Restated Counterclaim (Doc. 87). Since the abuse of process counterclaim has been dismissed and was not a compulsory counterclaim, this matter will proceed as a non-jury trial. *See Park Club Inc. v. Resolution Tr. Corp.*, 967 F.2d 1053, 1057-58 (5th Cir. 1992) ("[T]he test for determining whether a request for a jury on the counterclaim entitles a party to a jury on the complaint is whether the counterclaim is compulsory, i.e., 'arises out of the subject matter of plaintiff's legal claim.' 5 James W. Moore et al., Moore's Federal Practice P 38.392, at 38-367 (2d ed. 1992)."); *see also Republic Health Corp. v. Lifemark Hosps. of Fla., Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985) ("[The Eleventh Circuit's] predecessor adopted the 'logical relationship test for determining whether a

counterclaim was compulsory. Under this test, there is a logical relationship when the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." (internal quotation marks, citations, and footnote omitted)).

      **DONE** and **ORDERED** this 7th day of November 2024.

                                        /s/ Terry F. Moorer
                                        TERRY F. MOORER
                                        UNITED STATES DISTRICT JUDGE